UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUADVEST, L.P. AND WOODLAND OAKS UTILITY, L.P. | § § § | CASE NO. 19-CV-4508 |
| Plaintiffs | § § | Assigned to: Judge Vanessa D. Gilmore |
| v. | § § | |
| SAN JACINTO RIVER AUTHORITY, | § § | |
| Defendant. | § § | Referred to: Magistrate Judge Christina Bryan |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant San Jacinto River Authority ("SJRA"), by and through its attorneys, files this Original Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint. Except as expressly admitted below, SJRA denies each allegation in the First Amended Complaint.

**I.**
**INTRODUCTION AND SUMMARY OF COMPLAINT**

1.      SJRA admits that Plaintiffs are seeking "declaratory and injunctive relief" regarding Plaintiffs' allegations against SJRA. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

2.      SJRA admits that it is "a political subdivision created by the Texas Legislature," and that its statutory obligations include but are not limited to "conserve, control, and utilize the storm and flood waters of the San Jacinto River and its tributary streams." Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

3.      SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

## II.
## PARTIES, JURISDICTION AND VENUES

4.      SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

5.      SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

6.      SJRA admits the facts alleged in the first sentence of this paragraph. SJRA further admits that it has been served in this lawsuit.

7.      SJRA admits the allegations in this paragraph.

8.      SJRA admits the allegations in this paragraph.

## III.
## FACTS

9.      SJRA admits that it is "a political subdivision created by the Texas Legislature," and that its statutory obligations include but are not limited to "conserve, control, and utilize the storm and flood waters of the San Jacinto River and its tributary streams." SJRA admits the allegations in the second sentence of this Paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

10.      SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

11.      SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

12.     SJRA admits that the "Gulf Coast system" and the "Catahoula formations" are aquifers underneath Montgomery County. SJRA answers that any Texas Water Development Board report speaks for itself and denies each and every allegation that is inconsistent with or contrary to the content stated therein.  Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

13.     SJRA admits that there are complex reasons for the price of water, including the cost to transport water.  Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

14.     SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph

15.     SJRA denies the allegations in this paragraph.

16.     SJRA denies the allegations in this paragraph.

17.     SJRA denies the allegations in this paragraph.

18.     SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the second, third, and fourth sentences in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

19.     SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

20.     SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

21.     SJRA denies the allegations in this paragraph.

22.     SJRA denies the allegations in this paragraph.

23.     SJRA admits that Jim Adams was a member of Lone Star's first Board of Directors and that Lone Star is charged with regulating the groundwater in Montgomery County. The cited and referenced statutes speak for themselves. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

24.     SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the third sentence of this paragraph because they allege conduct by Lone Star, which is currently not a party to this case. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

25.     SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the first sentence of this paragraph because they allege conduct by Lone Star, which is currently not a party to this case. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

26.     SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph because they allege conduct by Lone Star, which is currently not a party to this case. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

27.     SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph because they allege conduct by Lone Star, which is currently not a party to this case. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

28.     SJRA admits that Mike Page has served as SJRA's counsel. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph because they allege conduct by members of the Surface Water Conversion Task Force. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

29.     SJRA admits that it participated in the publication of a study in June 2006 titled "Regulatory Study and Facilities Implementation Plan for Lone Star Groundwater Conservation District and San Jacinto River Authority." SJRA further answers that the study speaks for itself and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

30.     SJRA answers that the "MOU" speaks for itself and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

31.     SJRA answers that the "MOU" speaks for itself and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

32.     SJRA answers that the "MOU" speaks for itself and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

33.     SJRA denies the allegations in this paragraph.

34.     SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph because it alleges conduct by Lone Star, which is currently not a party to this case. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

35.     SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the first sentence of this paragraph because it alleges conduct by Lone Star, which is currently not a party to this case. SJRA admits the allegations in the second sentence of this paragraph. With respect to the third sentence, SJRA admits that the Lone Star rules and the GRP Contracts allow for achieving compliance with the Lone Star rules by joining with other LVGUs and collectively converting to sources of water other than the Gulf Coast Aquifer, including but not limited to surface water.  Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

36.     SJRA denies the allegations in this paragraph.

37.     SJRA denies the allegations in this paragraph.

38.     SJRA denies the allegations in this paragraph.

39.     SJRA admits that "Neither HB 4804 nor SB 2489 was adopted." Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

40.     SJRA denies the allegations in this paragraph.

41.     SJRA denies the allegations in this paragraph.

42.     SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph because they allege conduct by Lone Star, which is currently not a party to this case. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

43.     SJRA admits that its GRP was one method by which LVGUs in Montgomery County could comply with Lone Star's Phase II(B) of its District Regulatory Plan regarding the mandated reduction in groundwater usage. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph

44.     SJRA answers that the terms and conditions of the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

45.     SJRA answers that the terms and conditions of the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

46.     SJRA answers that the terms and conditions of the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

47.     SJRA denies the allegations in this paragraph.

48.     SJRA denies the allegations in the first sentence of this paragraph. With respect to the second sentence, SJRA admits that it holds a permit, along with the City of Houston, to impound a permitted amount of water in Lake Conroe. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

49.     SJRA admits that it contracted with the City of Houston for the option to purchase water from the City out of the City's share of permitted rights of Lake Conroe so that SJRA could ensure it had an adequate supply of surface water to comply with Lone Star's regulations and SJRA's obligations under the GRP Contracts. SJRA further answers that the relevant contract with the City of Houston speaks for itself and denies each and every allegation that is inconsistent with

or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

50.     SJRA admits that it contracted with the Trinity River Authority for the option to purchase water from the Trinity River Authority so that SJRA could ensure it had an adequate supply of surface water to comply with Lone Star's regulations and SJRA's obligations under the GRP Contracts. SJRA further answers that the relevant contract with the Trinity River Authority speaks for itself and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

51.     SJRA denies the allegations in this paragraph.

52.     SJRA admits that Plaintiffs were among the parties who filed a lawsuit in 2015 against Lone Star regarding its District Regulatory Plan to reduce groundwater pumping. SJRA further admits that a Final Judgment on May 17, 2019 declared "the Rule invalid ab initio." Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

53.     SJRA admits that the GRP Contracts are valid, binding, and enforceable on both SJRA and Plaintiffs. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

54.     SJRA admits that the GRP Contracts are valid, binding, and enforceable on both SJRA and Plaintiffs. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

## IV.
## CAUSES OF ACTION

55.     SJRA states that this paragraph consists solely of an incorporation of other paragraphs by reference, for which SJRA's response is provided separately herein. To the extent

this paragraph nonetheless warrants a separate response, SJRA denies the allegations in this paragraph.

56.     SJRA admits that the GRP Contracts are valid, binding, and enforceable on both SJRA and Plaintiffs. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

57.     SJRA answers that the applicable rates adopted pursuant to the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. SJRA further admits that Plaintiffs are contractually bound to pay the applicable rates. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

58.     SJRA denies the allegations in this paragraph.

59.     SJRA answers that the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

60.     SJRA answers that the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph

61.     SJRA denies the allegations in this paragraph.

62.     SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

63.     SJRA denies the allegations in this paragraph.

64.     SJRA denies the allegations in this paragraph

65.     SJRA denies that Plaintiffs are entitled to the requested relief in this paragraph.

66.     SJRA denies the allegations in this paragraph and that Plaintiffs are entitled to the requested relief in this paragraph.

## V.
## SJRA IS NOT IMMUNE

67.     SJRA denies the allegations in this paragraph.

68.     SJRA denies the allegations in this paragraph.

69.     SJRA denies the allegations in this paragraph.

## VI.
## STATUTE OF LIMITATIONS

70.     SJRA denies the allegations in this paragraph.

71.     SJRA denies the allegations in this paragraph.

72.     SJRA denies the allegations in this paragraph.

## VII.
## CONCLUSION AND PRAYER

SJRA denies the allegations and requested relief in this concluding paragraph.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1.     Subject to the responses above, SJRA alleges and asserts the following defenses in response to Plaintiffs' allegations, without admitting or acknowledging that SJRA bears the burden of proof as to any of them or that any must be pleaded as defenses. SJRA further reserves all rights to allege additional defenses that may become known through the course of discovery.

2.     Plaintiffs have failed to state a claim upon which relief can be granted.

3.     Plaintiffs' claim(s) are barred in whole or in part by the applicable statute(s) of limitations.

4.     Plaintiffs' claim(s) are barred in whole or in part by laches.

5.      Plaintiffs' claim(s) are barred in whole or in part by estoppel.

6.      Plaintiffs' claim(s) are barred in whole or in part by unclean hands.

7.      Plaintiffs' claim(s) are barred in whole or in part by waiver.

8.      Plaintiffs' claim(s) are barred in whole or in part by the state action doctrine.

9.      Plaintiffs' claim(s) are barred in whole or in part by Plaintiffs' failure to mitigate.

## CONCLUSION

For the foregoing reasons, SJRA respectfully asks the Court to dismiss Plaintiffs' claim(s) and this lawsuit with prejudice and for all such additional and further relief to which SJRA may be justly entitled

Dated: October 28, 2021

Respectfully submitted,

James E. Zucker
State Bar No. 24060876
jzucker@yettercoleman.com
Justin S. Rowinsky
State Bar No. 24110303
jrowinsky@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8002 (Fax)

Attorneys for San Jacinto River Authority

## Certificate of Service

I certify that on October 28, 2021, a copy of this document was served on all counsel of record using the Court's e-filing system.

/s/ Justin S. Rowinsky
Justin S. Rowinsky

- 11 -