UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUADVEST, L.P., | § | CASE NO. 19-CV-4508 |
| Plaintiff | § § § | |
| v. | § § | Assigned to: Judge George C. Hanks Jr. |
| SAN JACINTO RIVER AUTHORITY, | § § § | |
| Defendant. | § § | |

**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT**

Defendant San Jacinto River Authority ("SJRA"), by and through its attorneys, files this Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint. Except as expressly admitted below, SJRA denies each allegation in the Second Amended Complaint.

**I.
INTRODUCTION AND SUMMARY OF COMPLAINT**

1. SJRA admits that Plaintiff is seeking "declaratory and injunctive relief" regarding Plaintiff's allegations against SJRA. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

2. SJRA admits that it is "a political subdivision created by the Texas Legislature," and that its statutory obligations include but are not limited to "conserve, control, and utilize the storm and flood waters of the San Jacinto River and its tributary streams." Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

3. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

# II.
# PARTIES, JURISDICTION AND VENUES

4. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

5. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

6. SJRA admits the facts alleged in the first sentence of this paragraph. SJRA further admits that it has been served in this lawsuit.

7. SJRA admits the allegations in this paragraph.

8. SJRA admits the allegations in this paragraph.

# III.
# FACTS

9. SJRA admits that it is "a political subdivision created by the Texas Legislature," and that its statutory obligations include but are not limited to "conserve, control, and utilize the storm and flood waters of the San Jacinto River and its tributary streams." SJRA admits the allegations in the second sentence of this Paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

10. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

11. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

12. SJRA admits that the "Gulf Coast system" and the "Catahoula formations" are aquifers underneath Montgomery County. SJRA answers that any Texas Water Development Board report speaks for itself and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

13. SJRA admits that there are complex reasons for the price of water, including the cost to transport water. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

14. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

15. SJRA denies the allegations in this paragraph.

16. SJRA denies the allegations in this paragraph.

17. SJRA denies the allegations in this paragraph.

18. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the second, third, and fourth sentences in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

19. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

20. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

21. SJRA denies the allegations in this paragraph.

22. SJRA denies the allegations in this paragraph.

23. SJRA admits that Jim Adams was a member of Lone Star's first Board of Directors and that Lone Star is charged with regulating the groundwater in Montgomery County. The cited and referenced statutes speak for themselves. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

24. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the third sentence of this paragraph because they allege conduct by Lone Star, which is currently not a party to this case. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

25. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the first sentence of this paragraph because they allege conduct by Lone Star, which is currently not a party to this case. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

26. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph because they allege conduct by Lone Star, which is currently not a party to this case. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

27. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph because they allege conduct by Lone Star, which is currently not a party to this case. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

28. SJRA admits that Mike Page has served as SJRA's counsel. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph because they allege conduct by members of the Surface Water Conversion Task Force. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

29. SJRA admits that it participated in the publication of a study in June 2006 titled "Regulatory Study and Facilities Implementation Plan for Lone Star Groundwater Conservation District and San Jacinto River Authority." SJRA further answers that the study speaks for itself and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

30. SJRA answers that the "MOU" speaks for itself and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

31. SJRA answers that the "MOU" speaks for itself and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

32. SJRA answers that the "MOU" speaks for itself and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

33. SJRA denies the allegations in this paragraph.

34. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph because it alleges conduct by Lone Star, which is currently not a party to this case. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

35. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the first sentence of this paragraph because it alleges conduct by Lone Star, which is currently not a party to this case. SJRA admits the allegations in the second sentence of this paragraph. With respect to the third sentence, SJRA admits that the Lone Star rules and the GRP Contracts allow for achieving compliance with the Lone Star rules by joining with other LVGUs and collectively converting to sources of water other than the Gulf Coast Aquifer, including but not limited to surface water. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

36. SJRA denies the allegations in this paragraph.

37. SJRA denies the allegations in this paragraph.

38. SJRA denies the allegations in this paragraph.

39. SJRA admits that "Neither HB 4804 nor SB 2489 was adopted." Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

40. SJRA denies the allegations in this paragraph.

41. SJRA denies the allegations in this paragraph.

42. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph because they allege conduct by Lone Star, which is currently not a party to this case. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

43. SJRA admits that its GRP was one method by which LVGUs in Montgomery County could comply with Lone Star's Phase II(B) of its District Regulatory Plan regarding the mandated reduction in groundwater usage. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

44. SJRA answers that the terms and conditions of the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

45. SJRA answers that the terms and conditions of the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

46. SJRA answers that the terms and conditions of the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

47. SJRA denies the allegations in this paragraph.

48. SJRA denies the allegations in the first sentence of this paragraph. With respect to the second sentence, SJRA admits that it holds a permit, along with the City of Houston, to impound a permitted amount of water in Lake Conroe. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

49. SJRA admits that it contracted with the City of Houston for the option to purchase water from the City out of the City's share of permitted rights of Lake Conroe so that SJRA could ensure it had an adequate supply of surface water to comply with Lone Star's regulations and SJRA's obligations under the GRP Contracts. SJRA further answers that the relevant contract with the City of Houston speaks for itself and denies each and every allegation that is inconsistent with

or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

50. SJRA admits that it contracted with the Trinity River Authority for the option to purchase water from the Trinity River Authority so that SJRA could ensure it had an adequate supply of surface water to comply with Lone Star's regulations and SJRA's obligations under the GRP Contracts. SJRA further answers that the relevant contract with the Trinity River Authority speaks for itself and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

51. SJRA denies the allegations in this paragraph.

52. SJRA admits that Plaintiff was among the parties who filed a lawsuit in 2015 against Lone Star regarding its District Regulatory Plan to reduce groundwater pumping. SJRA further admits that a Final Judgment on May 17, 2019, declared "the Rule invalid ab initio." Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

53. SJRA admits that the GRP Contracts are valid, binding, and enforceable on both SJRA and Plaintiff. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

54. SJRA admits that the GRP Contracts are valid, binding, and enforceable on both SJRA and Plaintiff. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

## IV.
## CAUSES OF ACTION

55. SJRA states that this paragraph consists solely of an incorporation of other paragraphs by reference, for which SJRA's response is provided separately herein. To the extent

this paragraph nonetheless warrants a separate response, SJRA denies the allegations in this paragraph.

56. SJRA admits that the GRP Contracts are valid, binding, and enforceable on both SJRA and Plaintiff. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

57. SJRA answers that the applicable rates adopted pursuant to the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. SJRA further admits that Plaintiff is contractually bound to pay the applicable rates. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

58. SJRA denies the allegations in this paragraph.

59. SJRA answers that the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

60. SJRA answers that the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

61. SJRA denies the allegations in this paragraph.

62. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

63. SJRA denies the allegations in this paragraph.

64. SJRA denies the allegations in this paragraph.

65. SJRA states that this paragraph consists solely of an incorporation of other paragraphs by reference, for which SJRA's response is provided separately herein. To the extent this paragraph nonetheless warrants a separate response, SJRA denies the allegations in this paragraph.

66. SJRA denies the allegations in this paragraph.

67. SJRA denies that the relevant product market is "saleable quantities of water that are delivered to residential and commercial consumers for consumption and/or industrial use via direct, metered connections either through an intermediary utility or directly from a producer." SJRA denies that all water is interchangeable. SJRA answers that the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph regarding developers and utilities. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

68. SJRA denies that Montgomery County is the relevant geographic market for Plaintiff's antitrust claims. SJRA answers that the GRP Contracts SJRA's GRP speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. SJRA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph regarding the locations of metered connections and from whom consumers in Montgomery County buy water. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

69. SJRA admits that it produces and distributes groundwater to municipal utility districts in The Woodlands in Montgomery County. SJRA denies that it and Plaintiff are competitors. SJRA lacks knowledge or information sufficient to form a belief regarding the truth

of the allegations in this paragraph regarding Plaintiff's production, distribution, or sale of groundwater in Montgomery County. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

70. SJRA denies the allegations in this paragraph.

71. SJRA denies the allegations in this paragraph.

72. SJRA admits that the City of Conroe and the City of Magnolia signed GRP Contracts. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

73. SJRA answers that the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

74. SJRA answers that its motion to dismiss Plaintiff's First Amended Complaint speaks for itself and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

75. SJRA answers that the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

76. SJRA admits that it is an LVGU that executed a GRP Contract and is, thereby, subject to the GRP and that, in 2010, it was the largest LVGU in Montgomery County. SJRA answers that the GRP Contracts and any of its prior briefing speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

77. SJRA denies the allegations in this paragraph.

78. SJRA answers that the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

79. SJRA denies that Plaintiff is entitled to the requested relief in this paragraph.

80. SJRA denies the allegations in this paragraph and that Plaintiff is entitled to the requested relief in this paragraph.

## V.
## SJRA IS NOT IMMUNE

81. SJRA denies the allegations in this paragraph.

82. SJRA denies the allegations in this paragraph.

83. SJRA denies the allegations in this paragraph.

## VI.
## STATUTE OF LIMITATIONS

84. SJRA denies the allegations in this paragraph.

85. SJRA denies the allegations in this paragraph.

86. SJRA admits that it continues to enforce the GRP Contracts. SJRA answers that the GRP Contracts speak for themselves and denies each and every allegation that is inconsistent with or contrary to the content stated therein. Except as expressly admitted, SJRA denies the remaining allegations in this paragraph.

87. SJRA denies the allegations in this paragraph.

## VII.
## CONCLUSION AND PRAYER

SJRA denies the allegations and requested relief in this concluding paragraph.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. Subject to the responses above, SJRA alleges and asserts the following defenses in response to Plaintiff's allegations, without admitting or acknowledging that SJRA bears the burden of proof as to any of them or that any must be pleaded as defenses. SJRA further reserves all rights to allege additional defenses that may become known through the course of discovery.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff's claim(s) are barred in whole or in part by the applicable statute(s) of limitations.

4. Plaintiff's claim(s) are barred in whole or in part by laches.

5. Plaintiff's claim(s) are barred in whole or in part by estoppel.

6. Plaintiff's claim(s) are barred in whole or in part by unclean hands.

7. Plaintiff's claim(s) are barred in whole or in part by waiver.

8. Plaintiff's claim(s) are barred in whole or in part by the state action doctrine.

9. Plaintiff's claim(s) are barred in whole or in part by Plaintiff's failure to mitigate.

10. Plaintiff's claim(s) are barred in whole or in part by the *Noerr-Pennington* doctrine.

## DEFENDANT'S REQUESTED RELIEF

1. Section 11.06 of the GRP Contract requires that if a "Party prevails in any judicial, administrative, or other legal proceeding against the other Party brought under or arising out of this Contract, such prevailing Party shall additionally be entitled to recover court and administrative agency costs and reasonable and necessary attorney fees from the non-prevailing Party to such proceedings." SJRA requests that, if it prevails in this litigation, the Court award it all court costs and reasonable and necessary attorneys' fees from Quadvest as required by Section 11.06 of the GRP Contract.

2. Under 15 U.S.C. §4304(a)(2), a court "shall, at the conclusion of the action . . . award to a substantially prevailing party defending against" an antitrust claim that is "based on the conducting of a joint venture," "the cost of suit attributable to such claim, including a reasonable attorney's fee, if the claim, or the claimant's conduct during the litigation of the claim, was frivolous, unreasonable, without foundation, or in bad faith." SJRA therefore alternatively requests that, if it substantially prevails in defending against any of Quadvest's claims and the Court finds that Quadvest's claim(s) or conduct were frivolous, unreasonable, without foundation or in bad faith, the Court award SJRA the cost of suit attributable to that claim or claims, including reasonable attorneys' fees, from Quadvest as required by 15 U.S.C. §4304(a)(2).

## CONCLUSION

For the foregoing reasons, SJRA respectfully asks the Court to dismiss Plaintiff's claim(s) and this lawsuit with prejudice and for all such additional and further relief to which SJRA may be justly entitled.

Dated: August 16, 2023

Respectfully submitted,

_____
James E. Zucker
State Bar No. 24060876
jzucker@yettercoleman.com
Justin S. Rowinsky
State Bar No. 24110303
jrowinsky@yettercoleman.com
Luke A. Schamel
State Bar. No. 24106403
lschamel@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8002 (Fax)

Attorneys for San Jacinto River Authority

## Certificate of Service

      I certify that on August 16, 2023, a copy of this document was served on all counsel of record using the Court's e-filing system.

                                          */s/ Justin S. Rowinsky*
                                          Justin S. Rowinsky