IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUADVEST, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19-cv-04508 |
| | § | |
| SAN JACINTO RIVER AUTHORITY, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ANSWER TO DEFENDANT'S CLAIM
FOR RECOVERY OF ATTORNEYS' FEES**

Subject to its previously filed Motion to Strike Defendant's Request for Fees [Dkt. 139], Plaintiff Quadvest, L.P. ("Quadvest" or "Plaintiff") files this Answer to Defendant's Claim for Recovery of Attorney's Fees as detailed in Defendant's Answer to Second Amended Complaint [Dkt. 138], respectfully stating as follows:

## I.
### INTRODUCTION

For the first time in this lawsuit, Defendant San Jacinto River Authority ("SJRA") requests an award of attorneys' fees in its Answer to Plaintiff's Second Amended Complaint by attempting to invoke two different fee shifting provisions, one contractual and one statutory. [Dkt. 138 at pp. 13-14]. In accordance with Rule 12(a)(1)(B), and subject to its pending Motion to Strike [Dkt. 139], Quadvest files this Answer in response to SJRA's request for affirmative relief.

## II.
## ANSWER

Quadvest denies SJRA is entitled to an award of fees under any provision, whether contractual, statutory, or otherwise, because SJRA asserted its affirmative claim for relief long after the *agreed* upon deadline for amending pleadings.

Quadvest denies SJRA is entitled to an award of fees under Section 11.06 of the GRP Contract because Quadvest is seeking declaratory and injunctive relief under federal law, which exclusively governs the rights and remedies of the parties before this Court. SJRA cannot invoke a private contractual agreement to circumvent Congressional intent, which is to limit fee shifting to prevailing *plaintiffs* only.

Quadvest denies SJRA is entitled to an award of fees under 15 U.S.C. § 4304(a) because that particular statute is part of the National Cooperative Research and Production Act ("NCRPA"), which does not apply to this dispute. *See* 15 U.S.C. §§ 4301 et seq. Further, even if the statute does apply, SJRA is not entitled to an award of fees because Quadvest's claims are not frivolous.

## III.
## COUNTER REQUEST FOR FEES

In the alternative, if the Court permits SJRA to invoke either the GRP Contract or the NCRPA to shift fees in this case, then the Court should apply the applicable provision(s) as written—i.e., bilaterally—and award fees to the prevailing party. *See, e.g.*, Section 11.06 of the GRP Contract (prevailing party entitled to an award of fees); 15 U.S.C. § 4304(a) (substantially prevailing claimant entitled to an award of costs, including a reasonable attorney's fee).

# IV.
## CONCLUSION AND PRAYER

For the foregoing reasons, Quadvest asks the Court to disallow SJRA to invoke the fee shifting provisions, or alternatively, to apply them as written if they are successfully invoked.

Respectfully Submitted:

**MUNCK WILSON MANDALA, LLP**
807 Las Cimas Parkway, Suite 300
Austin, TX 78746
(737) 201-1600
(737) 201-1601 (Facsimile)

By: /s/ J. David Rowe
J. David Rowe
State Bar No. 00794564
Federal ID No. 21394
drowe@munckwilson.com
Aaron C. Dilbeck
State Bar No. 24095723
Federal ID No. 3853694
adilbeck@munckwilson.com

***ATTORNEYS FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on the following counsel of record by the Court's electronic filing system on this 5th day of September 2023:

James E. Zucker
jzucker@yettercoleman.com
Justin Rowinsky
jrowinsky@yettercoleman.com
Luke A. Schamel
lschamel@yettercoleman.com
YETTER Coleman LLP
811 Main St., Suite 4100
Houston, Texas 77002

　　　　　　　　　　　　　　　　　　／s／ J. David Rowe
　　　　　　　　　　　　　　　　　　J. David Rowe